IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TABITHA FULTON,<br>Individually, and on behalf of all those similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LOANCARE, LLC., CAPTIAL MANAGEMENT SERVICES, L.P., and CENTER ONE, LLC.,<br><br>　　　　Defendants. | Case No.　　2:22-cv-823<br><br><br>JURY TRIAL DEMANDED |

**VERIFIED COLLECTIVE ACTION AND CLASS ACTION COMPLAINT**

　　NOW COMES Plaintiff, Tabitha Fulton, by and through her attorney, David M. Manes, Esq. of Manes & Narahari LLC, and respectfully submits this Verified Collective Action and Class Action Complaint on behalf of herself and all those similarly situated, averring as follows:

**SUMMARY**

1. Plaintiff brings this Collective Action and Class Action to recover damages for Defendants' unlawful denial of wages of over 100 employees, depriving them of appropriate compensation of hours worked to which they should have been entitled during their employment.

**JURISDICTION AND VENUE**

2. This action arises under the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA") and the Pennsylvania Minimum Wage Act, 43 Pa.C.S.A. §333.104, et seq. ("PMWA"), and the Pennsylvania Wage Payment and Collection Law, 43 Pa.C.S.A. §260.1, et seq ("WPCL").

3. This Court specifically has jurisdiction over FLSA claims pursuant to 29 U.S.C. §216(b).

4. This Court also has federal question jurisdiction pursuant to 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. Plaintiff Tabitha Fulton ("Fulton") is an adult individual with a primary residence located at 165 Cherry Street, Punxsutawney, PA 15767.

8. Defendant Capital Management Services, L.P. ("CMS") is a Foreign Limited Partnership with a business address of 698 1/2 South Ogden Street, Buffalo, NY 14206.

9. Defendant Center One, LLC ("Center One") is a Domestic Limited Liability Company with a business address of 694 South Ogden, Buffalo, NY 14206.

10. Defendant LoanCare, LLC ("LoanCare") is a Limited Liability Company with a headquarters address of 3637 Sentara Way, Virginia Beach, VA 23452.

11. LoanCare, CMS and Center One are jointly and severally liable under the FLSA, PWMP and WPCL, as all three Defendants acted interchangeably with respect to employing Fulton and the Class, and all three Defendants are employers within the meaning of the applicable state and federal laws giving rise to this action.

## CLASS ACTION ALLEGATIONS

12. The named Plaintiff is an individual who, within the applicable period of limitations prior to the commencement of this action, was employed by LoanCare, a parent company of CMS and Center One. Plaintiff brings this case as a class action pursuant to Pennsylvania Rules of Civil

Procedure 1701, et seq., on behalf of a Class consisting of: all current and former hourly employees of LoanCare (including CMS and Center One) residing in the Commonwealth of Pennsylvania who were employed by Defendants during the period from May 2019 to the date of resolution of this case ("the Class").

13. Plaintiff's claims are typical of the claims of the Class members because she was an hourly employee who, like the Class members, sustained damages arising out of Defendants' campaign to force her to work off-the-clock.

14. Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff has retained counsel competent and experience in complex, class action litigation.

15. Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members. Among the questions of law and fact common to Plaintiff and the Class are:

   a. Whether the work performed by Plaintiff and the Class is included in the type of work LoanCare, CMS and Center One employed Plaintiff and the Class to perform;

   b. Whether Defendants have engaged in a pattern and/or practice in Pennsylvania of forcing or permitting Plaintiff and the Class to work off-the-clock without compensation;

   c. Whether Defendants have engaged in a pattern and/or practice in Pennsylvania of encouraging Plaintiff and the Class not to report all time worked;

   d. Whether Defendants have engaged in a pattern and/or practice in Pennsylvania of threatening Plaintiff and the Class with discharge, demotion, or discrimination or otherwise intimidating Plaintiff and the Class if they do not work off-the-clock;

  e. Whether Defendants have failed to keep true and accurate time records for all hours worked by its employees as required by LoanCare, CMS and Center One policies and the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.108;

  f. Whether LoanCare, CMS and Center One failed to pay Plaintiff and the Class for the work the Defendants required them to perform;

  g. Whether Defendants violated the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.104;

  h. Whether Defendants violated the Pennsylvania Wage Payment and Collection Law, 43. P.S. § 260.1 et seq.: and;

  i. The nature and extent of class-wide injury and the measure of damages for the injury.

16. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class is readily identifiable from the Defendants' records.

17. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants.

18. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impractical. Furthermore, the amounts at stake for many of the Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendants.

19. Without a class action, Defendants will likely retain the benefit of their wrongdoing and will continue a course of action, which will result in further damages to Plaintiff and the Class. Plaintiff envisions no difficulty in the management of this action as a class action.

## PRELIMINARY ALLEGATIONS

20. LoanCare is primarily engaged in the operation of providing service to "lenders, servicers and investors who own assets or servicing rights in any stage of the loan servicing cycle."

21. CMS is primarily engaged in the operation of a call center for the purposes of collection.

22. Center One is primarily engaged in Business Process Outsourcing Services by way of inbound call center services, outbound call center services, back-office support services and strategic account servicing and support.

23. Beginning at a date unknown to Plaintiff, Defendants committed acts of wage abuse against its hourly employees by forcing Plaintiff and the Class to work off-the-clock.

24. Plaintiff and the Class were call center employees for the Defendants, and many, including the Plaintiff, worked from home.

25. Employees are given a specific shift, then told that they need to get the system up and running a half an hour before their shift starts because the program takes a long time to boot up.

26. Employees are required to sit at their desk and wait for the program to launch. Calls start coming in as soon as the program is up and if they miss a call, they get reprimanded about that as well.

27. Supervisor, Deanne Arnott, informed Plaintiff and the Class that Defendants do not allow the employees to be clocked in until after they were fully logged into the company's software, even though they are aware that this often takes 20-30 minutes of work to be done before the employees' shift begins.

28. Defendants' software experienced technical issues frequently and employees were unable to log in, they were forced to work off the clock without pay.

## COUNT I
## Collective Action under the FLSA

29. The above paragraphs are incorporated here by reference.

30. This action is a collective action brought by Ms. Fulton as one of a class of hundreds of LoanCare, CMS and Center One workers who were denied wages under the FLSA.

31. The other similarly situated workers who were denied wages can be easily identified and contacted by an examination of Defendants' business records to inform them of this collective action and give them the opportunity to opt in.

32. Key questions of the fact and law are common to all members of the Class, which predominate over any questions which affect only individual members of the Class, including *inter alia*, the following:

    a. What wages the Defendants failed to pay to its workers in violation of the FLSA;

    b. What actual damages Class members are entitled to; and

    c. What liquidated/punitive damages Class members are entitled to.

33. Fulton's claims are typical of the claims of other members of the Class which she seeks to represent, in that all similarly situated individuals were unfairly compensated while employed by Defendants.

34. Fulton will fairly and adequately protect the interests of the members of the Class, and Fulton has no interests which are averse to the interests of the Class. This is evidenced by the fact that any rulings in favor of Fulton would be rulings that would benefit any other member of the Class.

35. Fulton has retained competent counsel, with experience handling similar actions.

36. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since separate lawsuits for each member of the Class is impractical. Even if individual Class members could afford to pursue their own individual cases,

   a. It would be unduly burdensome to the courts;
   b. It would result in significant delays; and
   c. It would increase expenses to all parties.

37. In the interest of judicial economy, a collective action is the appropriate method to bring Count I of this action.

38. LoanCare is an employer within the meaning of the FLSA.

39. CMS is an employer within the meaning of the FLSA.

40. Center One is an employer within the meaning of the FLSA.

41. As described above, Defendants willfully failed to pay wages to the Class members during their employment, in violation of the FLSA.

## COUNT II
## Class Action Under the PMWA

42. The above paragraphs are incorporated here by reference.

43. This action is also brought individually and as a Rule 23 class action by Ms. Fulton as one of a class of LoanCare, CMS and Center One workers in Pennsylvania who were unlawfully denied wages due under the PMWA.

44. The proposed Class is defined as:

> All individuals presently or formerly employed by Defendants in Pennsylvania at any time in the last three years who were (i) denied wages at their regular rate of pay for hours worked.

45. The other similarly situated workers who were denied wages can be easily identified and contacted by an examination of Defendants' business records to inform them of this class action.

46. Key questions of the fact and law are common to all members of the Class, which predominate over any questions which affect only individual members of the Class, including *inter alia*, the following:

   a. What wages the Defendants failed to pay to its workers in violation of the PMWA;

   b. What actual damages Class members are entitled to; and

   c. What liquidated/punitive damages Class members are entitled to.

47. Fulton's claims are typical of the claims of other members of the Class which she seeks to represent, in that all similarly situated individuals were misclassified while employed by Defendants.

48. Fulton will fairly and adequately protect the interests of the members of the Class, and Fulton has no interests which are averse to the interests of the Class. This is evidenced by the fact that any rulings in favor of Fulton would be rulings that would benefit any other member of the Class.

49. Fulton has retained competent counsel, with experience handling similar actions.

50. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since separate lawsuits for each member of the Class is impractical. Even if individual Class members could afford to pursue their own individual cases,

      a. It would be unduly burdensome to the courts;

      b. It would result in significant delays; and

      c. It would increase expenses to all parties.

51. In the interest of judicial economy, a class action is the appropriate method to bring this action.

52. LoanCare is an employer within the meaning of the PMWA.

53. CMS is an employer within the meaning of the PMWA.

54. Center One is an employer within the meaning of the PMWA.

55. Defendants failed to maintain accurate records of the time Plaintiff and Class members actually worked.

56. Members of the Class have a contractual entitlement to be paid a certain hourly rate for the time they actually worked for Defendants.

57. As described above, Defendants willfully failed to pay wages to the Class members during their employment, in violation of the PMWA.

## COUNT II
### Class Action Under the WPCL

58. The above paragraphs are incorporated here by reference.

59. This action is also brought individually and as a Rule 23 class action by Ms. Fulton as one of a class of LoanCare, CMS and Center One workers in Pennsylvania who were unlawfully denied wages due under the WPCL.

60. The proposed Class is defined as:

> All individuals presently or formerly employed by Defendants in Pennsylvania at any time in the last three years who were (i) denied wages at their regular rate of pay for hours worked.

61. The other similarly situated workers who were denied wages can be easily identified and contacted by an examination of Defendants' business records to inform them of this class action.

62. Key questions of the fact and law are common to all members of the Class, which predominate over any questions which affect only individual members of the Class, including *inter alia*, the following:

    a. What wages the Defendants failed to pay to its workers in violation of the WPCL;

    b. What actual damages Class members are entitled to; and

    c. What liquidated/punitive damages Class members are entitled to.

63. Fulton's claims are typical of the claims of other members of the Class which she seeks to represent, in that all similarly situated individuals were misclassified while employed by Defendants.

64. Fulton will fairly and adequately protect the interests of the members of the Class, and Fulton has no interests which are averse to the interests of the Class. This is evidenced by the fact that any rulings in favor of Fulton would be rulings that would benefit any other member of the Class.

65. Fulton has retained competent counsel, with experience handling similar actions.

66. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since separate lawsuits for each member of the Class is impractical. Even if individual Class members could afford to pursue their own individual cases,

    a. It would be unduly burdensome to the courts;

    b. It would result in significant delays; and

    c. It would increase expenses to all parties.

67. In the interest of judicial economy, a class action is the appropriate method to bring this action.

68. LoanCare is an employer within the meaning of the WPCL.

69. CMS is an employer within the meaning of the WPCL.

70. Center One is an employer within the meaning of the WPCL.

71. Defendants failed to maintain accurate records of the time Plaintiff and Class members actually worked.

72. Members of the Class have a contractual entitlement to be paid a certain hourly rate for the time they actually worked for Defendants.

73. As described above, Defendants willfully failed to pay wages to the Class members during their employment, in violation of the WPCL.

## COUNT IV
### Breach of Contract: Working Off-The-Clock

74. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in preceding paragraphs.

75. At the time Plaintiff and the Class accepted employment with LoanCare, CMS or Center One, they were hired to work at a fixed hourly wage rate. Plaintiff and the Class were expressly told the rate they would earn for each hour worked. Plaintiff Fulton was told she would be paid an hourly wage of $14.00.

76. Plaintiff and the Class were not given a copy of the employee handbook. Plaintiff Fulton was told by her supervisor Deanne Arnott that it did not pertain to them. Fulton repeatedly asked for one multiple times, but one was never produced.

77. Defendants' policies were disseminated to Plaintiff and the Class orally in a manner to ensure that they were aware of the contents and would reasonably believe it to be an offer of employment pursuant to the terms contained in oral policies.

78. Plaintiff and the Class accepted Defendants' offer of employment by commencing and/or continuing work after learning of their policies.

79. The employment contract between Plaintiff and the Class and the Defendants arises from LoanCare, CMS and Center One's express policies and the parties' express agreements concerning compensation and off-the-clock work by adopting an expectation of specific treatment and continuing to work for Defendants.

80. Defendants foresaw or reasonably should have foreseen that Plaintiff and the Class would rely upon said promises concerning compensation and off-the-clock work by adopting an expectation of specific treatment and continuing to work for Defendants.

81. Defendants breached their contract with Plaintiff and the Class by not paying them for all hours worked pursuant to Pennsylvania law and the agreements between the parties.

## COUNT V
### Unjust Enrichment – Quasi Contract

82. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

83. The subsequent thereto Defendants, devised and implemented a plan to increase their profits fostering a scheme of securing uncompensated work from Plaintiff and the Class as in more specifically alleged hereafter.

84. More specifically, contrary to all good faith and fair dealing, Defendants instructed and encouraged supervisors, to induce by threats or promises, the Plaintiff and the Class with to work off-the-clock, for which no compensation has been given.

85. That by reason of having secured the work and efforts of Plaintiff and the Class with compensation, LoanCare, CMS and Center One enjoyed reduced over-head expenses with respect to the amount being paid to secure their call center services, to their own benefit and to the detriment of Plaintiff and the Class, and that it retained and continues to retain such benefits contrary to the fundamental principles of justice, equity and good conscience.

86. That accordingly, Plaintiff and the Class are entitled to judgement in an amount equal to the benefits unjustly retained by Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff hereby respectfully requests that this Court certify a collective action under Count I and a class action under Count II , Count III, Count IV and Count V, enter judgement in her favor, an in favor of all those similarly situated against the Defendants, and award all damages available at law in equity, including:

a. Unpaid wages for hours actually worked;

b. Liquidated damages under the FLSA in an amount of 100% of unpaid wages;

c. Liquidated damages under the WPCL in an amount of 25% of unpaid wages or $500 per Class member, whichever is greater;

d. Attorney's fees and costs;

e. Prejudgment and continuing interest; and

f. Any other relief that the Court deems necessary and proper.

Respectfully Submitted,

*/s/ David Manes*

**David Manes, Esq.**
PA ID No. 314661

**MANES & NARAHARI, LLC**
One Oxford Centre
301 Grant St, Suite 270
Pittsburgh, PA 15219
(412) 626-5570 Direct
(412) 650-4845 Fax
dm@manesnarahari.com

## **VERIFICATION**

I, Tabitha Fulton, make this verification and state the averments of fact set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief.

I understand that the statements therein are made subject to the penalty of perjury under the laws of the United States of America.

_____
Tabitha Fulton